

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-17-00075-CR
_____

CHRISTOPHER RYAN PEEK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court No. 4726; Honorable Steven Emmert, Presiding

August 1, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In November 2013, Appellant, Christopher Ryan Peek, was granted deferred adjudication community supervision for three years and assessed a $500 fine for the offense of possession of cocaine in an amount of one gram or more but less than four grams.[1] Eight months later, the State moved to proceed with adjudication for multiple

---

[1] Tex. Health & Safety Code Ann. § 481.115(c) (West 2017). The offense is a third degree felony. *Id.*

violations of the conditions of community supervision. At a hearing on the State's motion, Appellant pleaded not true to two of the State's allegations and true to the five remaining allegations. After hearing testimony, the trial court found all allegations to be true and proceeded to hear punishment evidence. The trial court then pronounced Appellant guilty of the original offense and sentenced him to seven years confinement and a $500 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this court granted Appellant an

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

Appellant, a resident of Colorado, was traveling with a friend from Oklahoma to Colorado when his friend was stopped for speeding. Appellant was arrested for possession of cocaine. After he was granted deferred adjudication community supervision for the offense, he was transferred to Colorado for supervision under an interstate compact agreement.

At the hearing on the State's motion to adjudicate, Appellant's community supervision officer offered testimony to support the allegations to which Appellant entered pleas of not true—failure to report and consumption of drugs which are illegal in Texas. She testified that Appellant reported in November and December 2013 but failed to report from January 2014 through June 2014. Appellant had stopped reporting because his urinalysis tested positive for marihuana use at least three times.

Appellant testified in his own defense. He admitted that he only reported twice in 2013. He also admitted to using marihuana for medicinal purposes (to treat ADD/ADHD and bipolar disorder) with a Colorado prescription card.[4] He testified that he ceased using marihuana on the advice of his community supervision officer but explained that his urinalysis test results were positive because it would take "at least a month to a month and a half for everything to go down."

---

[4] When asked by the trial judge where his medical card for marihuana was, Appellant answered that it was in Colorado.

STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2016). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

4

ANALYSIS

By the *Anders* brief, counsel discusses potential issues. He then candidly concedes they do not present reversible error.

We have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.